UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF NEW HAMPSHIRE,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES CUSTOMS AND BORDER PROTECTION,<br><br>Defendant. | Case No. 1:23-cv-00282-JL |

DEFENDANT'S SURREPLY IN OPPOSITION TO PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

I.   INTRODUCTION.

On October 18, 2023, Plaintiff filed a consolidated reply in support of Plaintiff's motion for summary judgment and surreply in opposition to Defendant's motion for summary judgment. DN 19. In this surreply, Defendant provides the Court with additional information in response to one argument made by Plaintiff in its reply.

II.   STATE-SPECIFIC BORDER PATROL APPREHENSION DATA IS NO LONGER PUBLICLY AVAILABLE.

In its reply, Plaintiff states that "CBP has publicly disclosed state-specific border patrol apprehension data for three other states and one territory that have only one CBP station operating in its jurisdiction: Alabama; Mississippi; Puerto Rico; and Pennsylvania." DN 19, at 3. Plaintiff claims that the release of this state-specific apprehension data undermines Defendant's claim that disclosure of this information for New Hampshire would reveal a technique, procedure or guideline that would reasonably be expected to risk circumvention of the law. *Id.*

There is a staff of Customs and Border Patrol ("CBP") personnel responsible for providing public access to a specific set of statistical information related to encounters via the online CBP Data Portal available at https://www.cbp.gov/newsroom/stats/cbp-public-data-portal. Declaration of Brian Lewandowski, attached as Exhibit A, ¶ 3.  The CBP Public Data Portal includes the following disclaimer: "Statistical information is subject to change due to corrections, system changes, change in data definition, additional information, corrections, and/or data pending final review."  *Id.*, ¶ 4.  The CBP Public Data Portal includes several "dashboards" of data, one of which is the "Nationwide Encounters" dashboard.  *Id.*, ¶ 5.  This dashboard includes U.S. Border Patrol ("USBP") Title 8 Apprehensions, Office of Field Operations ("OFO") Title 8 inadmissible noncitizens, and Title 42 Expulsions for fiscal years 2020, 2021, 202, and 2023.  *Id.*  Data is available for encounters made by air, land, and sea.  *Id.* The dashboard allows members of the public to filter data by geographic region (Northern or Southwest borders), fiscal year, CBP component (OFO or USBP), area of responsibility (either by sector for USBP or by field office for OFO), demographics, citizenship. Statutory authority (Title 8 or Title 42), and state.  *Id.*  The dashboard does not allow members of the public to search for data below the sector level (*i.e.*, at the station level) or the field office (*i.e.*, at the port of entry level).  *Id.*

In the USBP context, as noted by Plaintiff, the "Nationwide Encounters" dashboard erroneously gave the public access to station level statistics in some locations where only one CBP station is responsible for patrolling the entire state.  Ex. A, ¶ 6.  Because the dashboard did not limit access to certain states where only one station patrols, the public was mistakenly able to view station-level statistics by filtering data by state.  *Id.*  New Hampshire statistics were not, however, available for public viewing on the dashboard.  *Id.*

To remedy this error, CBP staff were instructed to modify the filter capabilities to combine CBP component (USBP and OFO) statistics in states where filtering would reveal station level statistics.  Ex. A, ¶ 7.  With this modification, New Hampshire state statistics continue to be shielded from public view.  *Id.*  Additionally, as of November 9, 2023, access to USBP station level statistics via a state filter is no longer publicly available.[1]  *Id.*

III.   CONCLUSION.

Defendant continues to assert that the undisputed material facts establish that CBP is entitles to judgment as a matter of law, and that the Court should therefore enter summary judgment in favor of CBP.

                                                      Respectfully submitted,

                                                     JANE E. YOUNG
                                                     United States Attorney

                                                     By: /s/ Michael McCormack
                                                     Michael McCormack
                                                     Assistant U.S. Attorney
                                                     NH Bar No. 16470
                                                     United States Attorney's Office
                                                     53 Pleasant Street, 4th Floor
                                                     Concord, NH  03301
                                                     (603) 225-1552
                                                     Michael.McCormack2@usdoj.gov

Dated:  November 13, 2023

---

[1] While not a state, the U.S. territory of Puerto Rico is an anomaly, as Ramey Sector has one large station instead of multiple stations, so this information continues to remain publicly accessible along with all other USBP sector level statistics.