UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF NEW HAMPSHIRE,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES CUSTOMS AND BORDER PROTECTION,<br><br>    Defendant. | Case No. 1:23-cv-00282-JL |

DEFENDANT'S RESPONSE TO COURT'S PROCEDURAL ORDER

I.    INTRODUCTION.

On December 8, 2023, the Court issued a Procedural Order directing Defendant to respond and address three issues: 1) whether Defendant still claims FOIA Exemptions 6 and (7)(C) apply in light of both parties' briefing, which indicate that the ACLU may not seek any information relevant to those exemptions; 2) why Defendant should not be ordered to conduct a segregability analysis, citing points and authorities in support; or, in the alternative, to conduct and provide such analysis; and 3) whether the public-domain doctrine operates as a waiver of Exemptions 7(E) and 7(F). DN 27. Defendant addresses each of these issues in turn.

II.    FOIA EXEMPTIONS 6 AND 7(C) STILL APPLY
       TO THE RESPONSIVE DOCUMENTS.

Regardless of what Plaintiff asserts in its motion for summary judgment, the broad nature of Plaintiff's FOIA request implicates FOIA Exemptions 6 and 7(C). As Defendant has established in its summary judgment filings, DNs 9, 16, 23, Plaintiff's FOIA request to Defendant sought records sufficient to identify the number of apprehensions by CBP in New Hampshire from October 1, 2022, through January 31, 2023, including records sufficient to

identify the municipality where the apprehensions occurred and the nationality of the individuals apprehended. Plaintiff did not simply request the number of apprehensions that happened during the relevant period. Instead, it specifically requested **records sufficient** to obtain this information. Based on the broad language of Plaintiff's FOIA request – not seeking specific apprehension data but instead records sufficient to obtain that data – the only records sufficient to obtain all Plaintiff's requested information (all New Hampshire apprehensions by municipality and nationality) are CBP Forms I-213: Record of Deportable/Inadmissible Alien (I-213 Forms). As a result, FOIA Exemptions 6 and 7(C) necessarily apply because the I-213 Forms contain personal information of the apprehended subjects as well as CBP personnel involved in the apprehension.

III.    SEGREGATION OF THE RESPONSIVE RECORDS IS NOT POSSIBLE.

Section 552(b) of the Freedom of Information Act requires that even if some materials from the requested record are exempt from disclosure, any "reasonably segregable" information from those documents must be disclosed after redaction of the exempt information unless the exempt portions are "inextricably intertwined with the exempt portions." 5 U.S.C. § 552(b); *Mead Data Cent., Inc. v. Dep't of the Air Force*, 566 F.2d 242, 260 (D.C. Cir. 1977); *see also Trans-Pacific Policing Agreement v. United States Customs Serv.*, 177 F.3d 1022, 1028 (D.C. Cir. 1999). To demonstrate that all reasonably segregable material has been released, the agency must provide a "detailed justification" for its non-segregability. *Mead Data*, 566 F.2d at 261. However, the agency is not required to provide so much detail that the exempt material would be effectively disclosed. *Id.*

Here, segregation of the responsive documents is not possible. The withheld responsive records are Apprehension Logs and I-213 Forms, which correspond to the apprehensions listed in

the Apprehension Logs.  Second Supplemental Declaration of Melissa Pansiri, Attached as Exhibit A, ¶ 5.  As Defendant has argued in the summary judgment record of this case, it is the policy of CBP to not release station-level statistics regarding apprehensions because the information would allow non-citizens without legal status who seek to enter or remain in the United States to avoid certain areas along the border or target other areas along the border to circumvent adherence to immigration law requirements.  Ex. A, ¶ 4; DN 9-2, ¶¶ 16, 17; *see also* DN 16-2, ¶¶ 12, 13.  Furthermore, this type of "forum shopping" for areas along the border more susceptible to illegal entry would endanger CBP personnel and other individuals, including innocent bystanders, within those Stations' areas of responsibility.  *Id.*

The formatting and the number of pages of the responsive records, even if partially redacted, would reveal the station-level apprehension statistics for which Defendant has applied the relevant FOIA Exemptions.  Ex. A, ¶ 5.  The Apprehension Logs cannot be partially redacted without disclosing the very statistics CBP seeks to protect because the formatting of the record would still result in disclosure of the number of Beecher Falls Station apprehensions in New Hampshire.  *Id.*  Additionally, the I-213 Forms cannot be partially redacted and disclosed to Plaintiff without disclosing the number of apprehensions because the number of pages disclosed would show the number of responsive I-213 Forms, therefore revealing the number of station level apprehensions.  *Id.*  For these reasons, the responsive Apprehension Logs and I-213 Forms are exempt in their entirety pursuant to Exemptions (b)(7)(E) and (b)(7)(F), and no segregation is possible.  *Id.*

IV.  THE PUBLIC-DOMAIN DOCTRINE DOES NOT APPLY HERE TO WAIVE EXEMPTIONS 7(E) AND 7(F).

Under the public-domain doctrine, "materials normally immunized from disclosure under FOIA lose their protective cloak once disclosed and preserved in a permanent public record."

*Cottone v. Reno*, 193 F.3d 550, 554 (D.C. Cir. 1999).  Here, Plaintiff alleges the "CBP has publicly disclosed state-specific border patrol apprehension data for three other states and one territory that have one CBP station operating within its areas of responsibility:  Alabama; Mississippi; Puerto Rico; and Pennsylvania."  DN 19 at 8.  As Defendant has established, as of November 9, 2023, access to USBP station level statistics via a state filter is no longer publicly available.  DN 23 at 3.  Plaintiff does not allege that Defendant has ever disclosed the station level statistics it seeks in this action.  Nor could it.

"[A] plaintiff asserting a claim of prior disclosure must bear the initial burden of pointing to specific information in the public domain that appears to duplicate that being withheld." *Afshar v. Dep't of State*, 702 F.2d 1125, 1130 (D.C. Cir. 1983).  "Prior disclosure of similar information does not suffice; instead, the *specific* information sought by plaintiff must already be in the public domain by official disclosure.  The insistence on exactitude recognizes 'the Government's vital interest in information relating to national security and foreign affairs.'" *Wolf v. C.I.A.*, 473 F.3d 370, 378 (D.C. Cir. 2007) (emphasis in original) (citation omitted); *see also Military Audit Project v. Casey*, 656 F.2d 724, 752-53 (D.C. Cir. 1981) (rejecting claim that public disclosure of some information overlapping with content of requested material results in waiver as to all information).

Here, Plaintiff alleges nothing more than a prior disclosure of *similar* information.  It has not alleged, nor could it, that the specific information it seeks in the FOIA request – records sufficient to identify how many apprehensions from October 1, 2022, to January 31, 2023, occurred in New Hampshire and records sufficient to identify the municipality where the apprehensions occurred and the nationality of those apprehended – has ever been put into the public domain by official disclosure.  The public-domain doctrine requires much more than that

4

to operate as a waiver of otherwise valid FOIA exemptions.  Plaintiff is required to show, with an "insistence on exactitude" that the "*specific* information" it seeks is already in the public domain.  *Wolf*, 473 F.3d at 378.  Because Plaintiff has failed to meet this initial burden, the public-domain doctrine does not operate as a waiver of FOIA Exemptions 7(E) and 7(F) here.

V.	CONCLUSION.

For the reasons set forth above, as well as those articulated in the summary judgment record, the Court should enter summary judgment in favor of Defendant.

Respectfully submitted,

JANE E. YOUNG
United States Attorney


By:  /s/ Michael McCormack
Michael McCormack
Assistant U.S. Attorney, NH Bar No. 16470
U.S. Attorney's Office
53 Pleasant Street
Concord, NH  03301
(603) 225-2552
michael.mccormack2@usdoj.gov

Dated:  December 19, 2023